**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

CADUCEUS, INC.,

    *Plaintiff*,

  v.

UNIVERSITY PHYSICIAN GROUP,
a/k/a Wayne State University
Physician Group,

    *Defendant*.

Civil Action No. 23-3415
(MEF)(LDW)

**Opinion and Order**

---

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

\*   \*   \*

At the inception of this lawsuit, the Plaintiff alleged, among other things, various breach of contract claims related to two contracts: the "Athena Agreement" and the "Master Agreement." See First Amended State Court Complaint (June 23, 2023); Second Amended Complaint (July 31, 2023).

The Defendant then moved both to dismiss on jurisdictional grounds, and to transfer this case to the Eastern District of Michigan in August 2023. See Motion to Dismiss (October 6, 2023); Motion to Transfer (Aug. 3, 2023).

The Court denied the motions without prejudice to renewal after jurisdictional discovery. See Caduceus, Inc. v. Univ. Physician Grp., 2024 WL 303845, at *7 (D.N.J. Jan. 26, 2024); Order (Jan. 26, 2024).

Following jurisdictional discovery, the Defendant did not renew its jurisdictional motion.

But it filed a renewed motion to transfer the case to the Eastern District of Michigan. See Defendant's Brief in Support

of its Renewed Motion to Transfer (May 23, 2024) ("Motion to Transfer").

One of the core arguments of the Motion to Transfer was based on an assertedly mandatory forum-selection clause.

* * *

The Court heard oral argument on the Motion to Transfer on June 27, 2024.

At oral argument, the Defendant represented that it would not seek to transfer based on a forum-selection clause argument if the Plaintiff removed all references to the contract that contained the clause --- the Athena Agreement.

The next day, on June 28, 2024, the Plaintiff sought leave to file a proposed amended complaint (the "Third Amended Complaint"), which removed all such references. See Letter (June 28, 2024).

That same day, the Court granted leave and ordered the parties to file a letter laying out their views as to the implications of the newly-filed Third Amended Complaint for the pending Motion to Transfer. See Order (June 28, 2024).

By joint letter on July 1, 2024, the parties informed the Court of their shared view that the pending Motion to Transfer did not need to be re-filed --- and that they would stand on their previously-filed Motion to Transfer briefs, except that the forum-selection clause arguments were now moot. See Letter (July 1, 2024).

In light of all this, the Motion to Transfer is now teed-up for decision.

It is denied.

* * *

Neither party argues that venue is improper in New Jersey. As such, 28 U.S.C. § 1404(a) controls the transfer analysis. See generally Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995); Days Inns Worldwide Inc. v. S&S Airport Hotel, LLC, 2024 WL 1612324, at *1 (D.N.J. Apr. 15, 2024); Beychok v. Baffert, 2024 WL 685551, at *3 (D.N.J. Feb. 20, 2024).

* * *

"The burden of establishing the need for [a 28 U.S.C. § 1404(a)] transfer . . . rests with the movant." Jumara, 55 F.3d at 879.

To assess whether this burden has been carried, the analysis is in two steps. See Days Inn, 2024 WL 1612324, at *1; Beychock, 2024 WL 685551, at *4; Care One, LLC v. Nat'l Labor Relations Board, 2023 WL 4156859, at *1 (D.N.J. June 23, 2023).

First, the Court determines whether the potential transferee forum (here, the Eastern District of Michigan) is one where the action "'might have been brought.'" Jumara, 55 F.3d at 879 (quoting 28 U.S.C. § 1404(a)).

That box is checked. This case could have been brought there. The Defendant is incorporated and headquartered in Michigan, see Third Amended Complaint ¶ 22, so there is little doubt there would be personal jurisdiction there. See, e.g., Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 358 (2017) (as to general jurisdiction). And case-related events allegedly transpired in the Eastern District. See, e.g., Motion to Transfer Exhibit A, Grant Knaggs Deposition (May 7, 2024) ("Knaggs Deposition") 177:21-180:8. This would establish venue. See 28 U.S.C. § 1391(b)(2).

Move on, then, to the second step of the analysis.

In that step, the Court determines "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 879 (cleaned up).

Twelve factors are generally considered as part of the analysis. They are taken up below, each in turn.

\* \* \*

The first factor: where the Plaintiffs chose to sue. See id.

This choice should not be lightly pushed aside. See id.; Days Inn, 2024 WL 1612324, at *1; Beychock, 2024 WL 685551, at *8; Care One, LLC, 2023 WL 4156859, at *2.

Here, it weighs strongly. This is because the Plaintiff's choice to sue in New Jersey was "hardly a random act." Days Inn, 2024 WL 1612324, at *1.

3

The Plaintiff's principal place of business is in New Jersey.[1] See Third Amended Complaint ¶ 20.

And moreover: the record suggests a strong link between this particular case and New Jersey. There is evidence that the Plaintiff executed the relevant agreement in New Jersey. See Knaggs Deposition 56:11-13; 57:3-9. There is evidence that substantial-enough numbers of the Plaintiff's employees who serviced the relevant contract worked in New Jersey, reported to supervisors based in New Jersey, and/or were paid from New Jersey. See id. at 69:1-9, 68:22-69:15, 99:23-100:4, 186:14-16. And there is evidence that bills and invoices were processed in and sent from New Jersey by the Plaintiff to the Defendant. See id. at 104:17-105:8, 112:22-113:5; Motion to Transfer Exhibit C, Jeffrey P. Kohlitz Deposition (April 10, 2024) 32:12-34:24.

The first factor, in short, favors keeping this case in New Jersey.

\*   \*   \*

The second factor is the Defendant's preference. See Jumara, 55 F.3d at 879; Days Inn, 2024 WL 1612324, at \*2; Beychock, 2024 WL 685551, at \*8; Care One, LLC, 2023 WL 4156859, at \*3.

"A defendant's preference for a particular forum does not usually get much weight in a transfer analysis." Days Inn, 2024 WL 1612324, at \*2; accord, e.g., N. Am. Commc'ns, Inc. v. Eclipse Acqui Inc., 2018 WL 651795, at \*6 n.10 (W.D. Pa. Jan.

---

[1] See, e.g., Coyoy v. United States, 526 F. Supp. 3d 30, 45 (D.N.J. 2021) (the plaintiff's choice of where to sue "is entitled to greater deference when a plaintiff chooses her home forum") (cleaned up); Weichert Real Estate Affiliates, Inc. v. CKM16, Inc., 2018 WL 652331, at \*7 n.4 (D.N.J. Jan. 31, 2018) ("a plaintiff's choice of venue is generally entitled to substantial deference, especially when it files suit in its home forum"); Mictrotel Inns & Suites Franchising, Inc. v. Presidential Hosp., LLC, 2018 WL 1221160, at \*3 (D.N.J. Mar. 8, 2018) ("When a plaintiff chooses a home forum, its choice of venue is entitled to greater deference. Because Microtel is headquartered in Parsippany, New Jersey and chose New Jersey as its venue, its choice should not be lightly disturbed.") (cleaned up); Linwood Trading LTD v. Am. Metal Recycling Sers., 2015 WL 5098117, at \*2-3 (D.N.J. Aug. 28, 2015) (similar); Novartis v. Millercoors LLC, 2015 WL 6407837, at \*2 (D.N.J. Oct. 20, 2015) (similar).

31, 2018); Leatherman v. Cabot Oil & Gas Corp., 2013 WL 1285491, *3 (E.D. Pa. 2013); Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 198 (E.D. Pa. 2008).

* * *

The third factor is where the claims arose. See Days Inn, 2024 WL 1612324, at *2; Beychock, 2024 WL 685551, at *10; Care One, LLC, 2023 WL 4156859, at *4.

To evaluate this factor, briefly consider the substance of the claims here.

The Plaintiff alleges it contracted with the Defendant to provide coding, billing, and claims-processing services. See Third Amended Complaint ¶ 26. The Plaintiff alleges the contract was breached when the Defendant failed to pay the Plaintiff, see id. ¶ 79, and to provide certain information to the Plaintiff, see id. ¶ 76.

The parties agree that breach of contract claims arise for transfer motion purposes where (1) the contract was negotiated or executed, (2) where the contract was performed, and (3) where the breach occurred. See Plaintiff's Memorandum of Law in Opposition to Defendant's Renewed Motion to Transfer (June 10, 2024) ("Memorandum in Opposition") at 25-26; Motion to Transfer at 24-25.

Assuming arguendo this is an accurate statement of the law, these three considerations do not meaningfully angle the transfer analysis in one direction or another --- because they have a foot in each forum.

As to the first consideration:

The contract was negotiated in part from Michigan, see Knaggs Deposition 21:9-22:6, 56:3-57:20, 177:21:-178:14, and in part from New Jersey. See Declaration of James Bonomo in Support of Plaintiff's Opposition to Defendant's First Motion to Transfer (August 22, 2023) ("Bonomo Declaration") ¶ 9.

As to the second consideration:

The contract was performed in part in Michigan (where the Defendant gathered information before sending it to the Plaintiff, see Knaggs Deposition 179:6-180:8; Knaggs Deposition Exhibit D-36 at 20-21), and in part in New Jersey (where the Plaintiff processed the information it had received from the

5

Defendant, see Bonomo Decl. ¶¶ 3-10; Knaggs Deposition 184:17-187:10).

As to the third consideration:

Where the breach took place is a potentially complex issue, as alluded to at oral argument. Did the breach happen in Michigan, where the alleged non-provision of information and non-payment first got underway? Or did the breach happen in New Jersey, where the lack of information and lack of payment first made themselves felt? One way or another, this question is not substantially addressed by the parties' briefs, which do not supply any on-point case law. Accordingly, the Court treats this part of the where-did-the-breach-occur question as in equipoise, like each of the other sub-aspects of this third factor of the Jumara analysis.

\* \* \*

The fourth, fifth, and sixth factors all relate to the convenience of the parties and the litigation. See Days Inn, 2024 WL 1612324, at \*2; Beychock, 2024 WL 685551, at \*10; Care One, LLC, 2023 WL 4156859, at \*4.

The factors are: "[4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Beychok, 2024 WL 685551, at \*7.

The parties agree these have little bearing here. See Motion to Transfer at 26; Memorandum in Opposition at 27.

\* \* \*

The seventh factor: whether any judgment that might be entered is more readily enforceable in one jurisdiction or another. See Days Inn, 2024 WL 1612324, at \*3; Beychock, 2024 WL 685551, at \*11; Care One, LLC, 2023 WL 4156859, at \*5.

This factor does not tilt toward transfer, because there is no reason to think a judgement might be easier to enforce there (in Michigan) or here (in New Jersey). See Motion to Transfer at 18.

\* \* \*

6

The eighth factor zeroes in on "practical considerations that could make the trial easy, expeditious, or inexpensive[.]" Jumara, 55 F.3d at 879; see also Days Inn, 2024 WL 1612324, at *3; Beychock, 2024 WL 685551, at *11; Care One, LLC, 2023 WL 4156859, at *5. "This factor is concerned with judicial economy and the overarching interests of justice." Days Inn, 2024 WL 1612324, at *3; see also In re: Howmedica Osteonics Corp, 867 F.3d 390, 402 n.7 (3d Cir. 2017); Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 455 (D.N.J. 1999); U.S. Fire Ins. Co. v. World Trucking, Inc., 2008 WL 413310, at *2 (D.N.J. Feb. 13, 2008) (citing Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960)).

As to this factor, the parties do not press especially specific or granular arguments. But the Defendant suggests, without drawing an objection, that the majority of the witnesses the Plaintiff "identified as potentially knowledgeable" are in Michigan. See Motion to Transfer at 18-19.

Therefore, this factor leans slightly in favor of transfer.

Why only slightly? Because the Defendant does not suggest which of the tallied-up witnesses are especially critical, or why they cannot easily be accommodated. During the discovery stage, for example, remote depositions or near-to-home depositions are readily-available options.

\*   \*   \*

The ninth factor: "the relative administrative difficulty in the two fora resulting from court congestion." Jumara, 55 F.3d at 879; see also Days Inn, 2024 WL 1612324, at *3; Beychock, 2024 WL 685551, at *13; Care One, LLC, 2023 WL 4156859, at *6.

The Defendant notes the District of New Jersey has a much heavier caseload per-judge than the Eastern District of Michigan. See Motion to Transfer at 19.

But the "relative congestion of the respective courts' dockets is not [always] a factor of great importance on a motion to transfer." Eastman v. First Data Corp., 2011 WL 1327707, at *5 (D.N.J. Apr. 5, 2011) (cleaned up).

And any court congestion should not pose a difficulty here.

For example, the instant Motion to Transfer became ripe on the evening of July 1, 2024 and this Opinion and Order is being issued 48 hours later.

7

This factor does not cut in favor of transfer.

\* \* \*

The tenth factor is the local interest in deciding local controversies.  See Days Inn, 2024 WL 1612324, at \*3; Beychock, 2024 WL 685551, at \*13; Care One, LLC, 2023 WL 4156859, at \*7.

The Defendant argues that Michigan has a strong interest here, because this case could, it says, have a negative impact on a hospital there.  See Motion to Transfer at 20.

But it is not clear that potential knock-on effects are what the "local interest" factor is focused on.

And in any event, there is no strong reason to think this case might lead to markedly heavier collateral consequences in one place rather than another.  This is something of a zero-sum context.  A judgment for the Michigan Defendant would presumably protect it --- but at the cost of what could be difficulties for the New Jersey Plaintiff's business, and those that are connected to it here.  There are locally-felt consequences on both sides of the ledger.  And in some sense these consequences are equal-and-opposite mirror images, and therefore tend to cancel each other out.  After all, every dollar the Michigan Defendant does not have to pay is a dollar the New Jersey Plaintiff feels it has lost out on, and vice-versa.  Cf. Days Inn, 2024 WL 1612324, at \*3.

More generally, while the local interest factor plainly favors transfer from a forum that has no skin in the game to one that does, cf. Beychock, 2024 WL 685551, at \*8 --- it does not tip the scales where both relevant fora have strong organic connections to the case.  That is the situation here.

\* \* \*

The eleventh factor concerns the public policies of the relevant fora.  See Days Inn, 2024 WL 1612324, at \*3.

As to this factor, the Defendant's only argument is now moot.  It pertained to the now-abandoned forum-selection clause argument.  See Motion to Transfer at 20.

\* \* \*

The twelfth factor is "the familiarity of the trial judge with the applicable state law in diversity cases."  Jumara, 55 F.3d

8

at 879-80; see also Days Inn, 2024 WL 1612324, at *4; Beychock, 2024 WL 685551, at *13; Care One, LLC, 2023 WL 4156859, at *7.

This is a diversity case, see Notice of Removal (June 23, 2024), and the relevant contract is governed by Michigan law. See Motion to Transfer at 20. The Court here is routinely called on to apply the laws of other states. But it is less familiar with Michigan law than a judge in Michigan would be.

This factor therefore cuts in favor of transfer, but only to a limited extent --- oral argument helped to establish that there is nothing especially unusual about Michigan law in this area.

\* \* \*

In the final analysis, the Court has wide discretion here, see, e.g., Tekno Prods., Inc. v. Glove Trends Inc., 2019 WL 7184544, at *10 (D.N.J. Dec. 26, 2019); Vayn v. Schaen, 2016 WL 4211838, at *2 (D.N.J. Aug. 9, 2016), and exercises it to deny the motion to transfer.

The Defendant bears the burden, see Jumara, 55 F.3d at 879, and has not carried it.

Indeed, as demonstrated above, many of the Jumara factors are in equipoise. That provides no reason to move this case from where it was filed.

And all the more so because this is a case with a solid set of ties to New Jersey --- the Plaintiff is headquartered here, the contract was performed in part here, the breach may have occurred here, and the implications of the alleged breach are felt here.

The Plaintiff chose to sue in New Jersey. That choice is entitled to "paramount" weight, Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3rd Cir. 1970), and the Defendant has not carried its burden of showing why it should be pushed aside.

The Motion to Transfer is denied.

IT IS on this 3rd day of July, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.